CATHERINE PETERS, PLAINTIFF, v. UNITED STATES
STORES CORPORATION, DEFENDANT.

Argued January 6, 1925—Decided January 23, 1925.

Negligence—Motor Vehicle Accident at Crossing—No Errors
Found in Trial—Verdict Not Found Against Weight of Evi-
dence—Verdict Not Excessive in View of Extent of Injury.

On application for a rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the plaintiff, *William G. De Meza* and *John Winans*.

For the defendant, *Kellogg & Chance*.

PER CURIAM.

This is an application for a rule to show cause. The plain-
tiff received a verdict for $10,000 in an accident case. The
trial judge refused a rule. The plaintiff is thirty-six years
of age. She was injured by an automobile about nine P. M.
on September 8th, 1923, while crossing West First street,
from south to north, at or near Sycamore avenue, in Plain-
field, New Jersey.

The defendant argues six reasons for the granting of a
rule to show cause.

The first and second, alleged error in refusing to non-
suit the plaintiff or direct a verdict in favor of the
defendant. These motions were urged on the ground that
the facts show contributory negligence of the plaintiff. This
point, with that of the negligence of the defendant, was sub-
mitted by the trial judge to the jury to decide, as questions
of fact, and rightly so, as we think.

Third and fourth, alleged errors in refusing defendant's
request to charge, and in the charge of the trial judge to the
jury. We find no error under either point. The charge of
the trial judge is a clear, accurate and comprehensive state-

ment of the legal principles applicable to the facts in the record.

Fifth, the verdict is against the clear weight of the evidence. We do not so find it from our reading of the record.

Sixth, the damages awarded by the verdict are excessive.

There is substantially no disagreement as to the injuries. The plaintiff's occupation is that of housekeeper; she was thirty-six years old at the time of the accident; she was knocked unconscious by the automobile; she sustained an injury on the forehead, a fracture of the right femur, resulting in a shortening of the right leg of one and one-half ($1\frac{1}{2}$) inches. The doctor found a permanent impairment of the functions of this leg, amounting to sixty per cent., at the time of the trial, October 23d, 1924. Some thirteen months after the accident, she testified, "so I got around with a crutch again, and it feels a little better." Record, page 36. Without attempting to recite in detail all the evidence bearing upon the question of injuries and the loss of earning capacity, it is sufficient to say, we find nothing in the record that would justify us in saying that the verdict was excessive, or that it was the result of mistake, passion or prejudice. *Queen v. Jennings*, 93 *N. J. L.* 353.

As we find nothing in the record to justify disturbing the verdict, so, we find no grounds on which a rule should be granted. The application for a rule to show cause is therefore denied.